**WO**

JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ronald J. Mazza,

 Plaintiff,

v.

United States of America,

 Defendant.

No.    CV-24-00384-TUC-SHR

**ORDER**

Plaintiff Ronald J. Mazza, who is confined in the United States Penitentiary-Tucson, has filed a pro se civil rights Complaint (Doc. 1) pursuant to the Federal Tort Claims Act (FTCA) and an Application to Proceed In Forma Pauperis (Doc. 4).

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  § 1915(b)(1).  The Court will assess an initial partial filing fee of $18.37.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28

1 | U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff
2 | has raised legally frivolous or malicious claims, fails to state a claim upon which relief may
3 | be granted, or seeks monetary relief from a defendant who is immune from such relief.
4 | § 1915A(b)(1)–(2).

5 |     A pleading must contain a "short and plain statement of the claim *showing* that the
6 | pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does
7 | not demand detailed factual allegations, "it demands more than an unadorned, the-
8 | defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
9 | (2009). "Threadbare recitals of the elements of a cause of action, supported by mere
10 | conclusory statements, do not suffice." *Id.*

11 |     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
12 | claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550
13 | U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that
14 | allows the court to draw the reasonable inference that the defendant is liable for the
15 | misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for
16 | relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
17 | experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual
18 | allegations may be consistent with a constitutional claim, a court must assess whether there
19 | are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

20 |     But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
21 | must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342
22 | (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent
23 | standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551
24 | U.S. 89, 94 (2007) (per curiam)).

25 | **III.   Complaint**

26 |     In his Complaint, Plaintiff asserts a negligence claim for personal injury against the
27 | United States under the FTCA. Plaintiff alleges the following:

28 | . . . .

On August 23, 2022, Plaintiff was waiting in the medical unit to be seen for various injuries. Another prisoner, Blevins, "blindsided" Plainitiff "in the front of the head at his right eye followed by his left eye." Plaintiff stood up, and Blevins pushed Plaintiff over the bench where Plaintiff had been sitting. Blevins repeatedly punched Plaintiff in the face, resulting in a broken right orbital socket and a broken nose. The assault continued for five minutes before Ms. Weatherby opened the door to the medical waiting room and saw the fight. Ms. Weatherby called on the radio saying there was a fight in the medical unit. The responding officers later said, in front of Plaintiff, they were not sure "where the fight was actually at." When Blevins heard the call over the radio, he repeatedly punched Plaintiff. A nurse, Mr. Quesada, came to the door, saw the fight, came to the waiting area, and told Blevins to stop. Blevins continued to punch Plaintiff. Mr. Quesada pushed Blevins off Plaintiff. Blevins laid against the wall and put his hands behind his back.

The medical unit did not have a video camera in the waiting area, and the slide over the window to the records area was not open, so staff could not monitor prisoners in the waiting area. Plaintiff alleges the United States was negligent for not having a CCTV camera "that could have resulted in a speedier response time," and he asserts the window slider should be open "per policy" so that staff can respond quickly.

Plaintiff states in December 2023, he submitted an SF-95 claim for money damages to the Federal Bureau of Prisons, Western Regional Office, and six months elapsed without receiving a denial.

## IV.    Subject Matter Jurisdiction

Federal courts have limited jurisdiction, and limitations on the Court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is obligated to determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The FTCA waives sovereign immunity for specified tort actions arising out of the conduct of federal employees. 28 U.S.C. § 2674; *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir. 1998). That waiver, however, is limited. *Fang*, 140 F.3d at 1241. Liability cannot be imposed if the tort claims stem from a federal employee's exercise of a "discretionary function." 28 U.S.C. § 2680(a). Section 2680(a) provides the FTCA waiver of immunity does not extend to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The Court lacks jurisdiction over any claim to which the discretionary-function exception applies. *Alfrey v. United States*, 276 F.3d 557, 561 (9th Cir. 2002).

The Court determines whether the discretionary-function exception bars a particular claim by applying a two-part test. *Id.* First, the Court must decide whether the challenged conduct is discretionary, "that is, whether it 'involv[es] an element of judgment or choice.'" *Id.* (alteration in original) (quoting *Fang*, 140 F.3d at 1241). "This element is not met when a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." *Id.* (quoting *Fang*, 140 F.3d at 1241). If the act is not discretionary, the government is not immune. *Id.*

Second, if the challenged conduct is discretionary, the Court "must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). "Only those exercises of judgment which involve considerations of social, economic, and political policy are excepted from the FTCA by the discretionary function doctrine." *Id.* (quoting *Sigman v. United States*, 217 F.3d 785, 793 (9th Cir. 2000)). "The primary focus of the second part of the test is on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 561–62 (quoting *Fang*, 140 F.3d at 1241). "When a

statute, regulation or agency guideline allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 562 (quoting *Weissich v. United States*, 4 F.3d 810, 814 (9th Cir. 1993)). The court may not consider whether the government abused its discretion or made the wrong decision.  § 2680(a); *Myers v. United States*, 652 F.3d 1021, 1028 (9th Cir. 2011); *Mirmehdi v. United States*, 689 F.3d 975, 984 (9th Cir. 2012).

The Ninth Circuit has affirmed the dismissal of FTCA claims under the discretionary-function exception where prisoners asserted negligence claims based on prison officials' failure to protect them from assault by other prisoners. *See Merz v. United States*, 532 F. App'x 677 (9th Cir. 2013); *Hernandez v. United States*, 83 F. App'x 206 (9th Cir. 2003).

Because the Court cannot exercise jurisdiction over the Complaint if the discretionary-function exception applies, the Court determines it must resolve the jurisdictional question at the outset.  The Court will order service of the Complaint on the United States and will order the United States, within 30 days of the filing date of this Order, to file a brief addressing whether the discretionary-function exception applies to Plaintiff's FTCA claim.  The Court will require Plaintiff, within 30 days of service of the United States' brief, to file a response.  The United States may thereafter file a reply within 15 days of service of Plaintiff's response.  The United States will not be required to answer the Complaint until ordered to do so.

**V.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

. . . .

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $18.37.

(3)    The Clerk of Court must prepare a service packet and send by certified mail a copy of the Summons, the Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(4)    Within **30 days** of the filing date of this Order, the United States **must file** a brief addressing the applicability of the discretionary-function exception to Plaintiff's

FTCA claim.  The United States is not required to answer the Complaint until ordered to do so.

(5)    Within **30 days** of service of the United States' brief, Plaintiff **must file** a response.

(6)    Within **15 days** of service of Plaintiff's response, the United States may file a reply brief.

Dated this 22nd day of November, 2024.

Honorable Scott H. Rash
United States District Judge